UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-345-H

RICKY DALE RAILEY                                                                    PETITIONER

V.

PATTI WEBB, WARDEN                                                              RESPONDENT

**MEMORANDUM OPINION**

Petitioner has filed this petition for habeas corpus relief under 28 U.S.C. § 2254, based upon ineffective assistance of counsel. The current case arises from Petitioner's guilty plea and subsequent sentence to ten years in prison. This Court agrees with Respondent and can find no reason to grant the petition.

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") of 1996 prohibits federal courts from granting writs of habeas corpus on claims previously adjudicated on the merits in state court, unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding.

28 U.S.C. § 2254(d)(1) and (d)(2).

Under the AEDPA, the focus of the federal court's review in § 2254 cases is now the state court's adjudication of petitioner's claims, not the claims themselves. The function of the

federal court is only to review the state adjudication, not to rule on the petitioner's claims *de novo*. The AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams v. Taylor*, 529 U.S. 362 (2000). Therefore, the question now concerns the application of the correct legal authority by the state court and does not require that the federal court necessarily agree with the outcome of the application.

Petitioner's primary claim is that his guilty plea was not knowing, voluntary and intelligent due to ineffective assistance of counsel. Specifically, Petitioner argues his trial counsel provided ineffective assistance by failing to adequately investigate his case and by failing to consult with Petitioner concerning trial strategy and possible defenses. The Kentucky Court of Appeals reviewed the record and determined that trial counsel was not ineffective in their preparation and investigation of Petitioner's case and that his plea was knowing and voluntary. The state appellate court applied the proper standard of *Strickland v. Washington*, 466 U.S. 668 (1984) and *Boykin v. Alabama*, 395 U.S. 238 (1969) in determining that counsel had been effective and that Petitioner's guilty plea was voluntary, knowing and intelligent.

No realistic argument exists that Petitioner's trial counsel failed to conduct an adequate investigation or exercise good faith as to the advice he provided Petitioner. Petitioner was charged with one count of first degree assault–a Class B felony–and two counts of second degree assault–Class C felonies. The Class B felony carried a maximum penalty of 20 years and the Class C felonies carried a maximum of ten years on each count. Thus, he was facing a possible punishment of 40 years. Probation was not allowed because Petitioner's crimes involved use of a firearm. KRS 532.020; KRS 533.060. Pursuant to the plea agreement, Petitioner received the

2

minimum possible sentence of ten years on the first degree assault charge and the minimum possible sentence of five years on each of the two counts of second degree assault, to be served concurrently. Consequently, any advice of Petitioner's attorney to plead guilty was reasonable under the law. Petitioner has presented no basis to believe the guilty plea was erroneous. In any event, Petitioner probably waived his challenge to the sufficiency of the evidence on the assault convictions as a result of his guilty plea. The United States Supreme Court has held that when a defendant voluntarily and knowingly enters a guilty plea, he admits to all averments of fact in the indictment. *Tollett v. Henderson*, 411 U.S. 258 (1973). The state court adjudication, therefore, does not seem founded upon an unreasonable determination of the facts and was not contrary to clearly established federal law.

Petitioner also claims that the trial judge was biased and should have recused himself from hearing Petitioner's case. Petitioner argues the trial judge was biased since the Commonwealth Attorney is the trial judge's uncle. Petitioner argued in state court that this bias was evidenced when the trial court overruled Petitioner's motion for pre-trial bond. Both the Marion Circuit Court and the Kentucky Court of Appeals denied this claim. In reviewing habeas proceedings, federal courts accord a presumption of correctness to state court findings of fact. 28 U.S.C. § 2254(d). There is no evidence that any of the trial judge's actions or rulings suggest bias.

Finally Petitioner argues he was denied an opportunity to be heard on his claims since the circuit court did not conduct an evidentiary hearing on the RCr 11.42 motion. This Court disagrees. The state court's decision not to hold an evidentiary hearing is correct as a matter of state law. RCr 11.42(5) provides that a trial court shall hold a hearing if material issues of fact

have been raised that cannot be determined from the record.  Under Kentucky law a defendant does not have an automatic right to an evidentiary hearing on a motion to vacate, set aside or correct sentence.  *Sanders v. Commonwealth*, 89 S.W.3d 380 (Ky. 2002).  When the record clearly refutes the defendant's allegations, a trial court does not need to conduct a hearing on an RCr 11.42 motion.  *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001).  The Kentucky Court of Appeals determined that no error occurred because the circuit court decided not to hold an evidentiary hearing before overruling Petitioner's RCr 11.42 motion.  Further, the Kentucky Court of Appeals' decision is not contrary to clearly established federal law nor does it involve an unreasonable application of clearly established federal law.  28 U.S.C.A. § (d)(1).

In summary, the Kentucky appellate courts have thoroughly reviewed Petitioner's claims and have correctly concluded that he has not suffered any constitutional violations.  His counsel has given him reasonable advice.  Habeas corpus relief is, therefore, inappropriate.

The Court will enter an order consistent with this Memorandum Opinion.

cc:   Ricky Dale Railey, *Pro Se*
      Counsel of Record